UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-219-JMH

ANNEBELLE DUNCAN                                          PLAINTIFF,

VS:                    **MEMORANDUM OPINION AND ORDER**

BUREAU OF PRISONS , ET AL.

                                                         DEFENDANTS
                                                         .

     Annebelle V. Duncan, who is confined in the Satellite Camp at
the Federal Medical Center located in Lexington, Kentucky, ("FMC-
Lexington") filed a fifteen-page *pro se* civil rights complaint
under 28 U.S.C. § 1331, pursuant to the doctrine announced in
*Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)
[*See* Record No. 2-3].  Duncan challenges numerous conditions of her
confinement at the FMC-Lexington Satellite Camp, citing the Eighth
Amendment of the United States Constitution [ *Id*.]. She has also
filed an "Application to Proceed *In Forma Pauperis*" [Record No. 3].
The Court has addressed the motion to proceed *in forma pauperis* by
separate Order.

     This matter is before the Court for initial screening.  28
U.S.C. §1915A; *McGore v.  Wrigglesworth*, 114 F.3d 601, 607-8 (6 <sup>th</sup>
Cir. 1997).

     Under *Bivens*, the plaintiff must plead and prove two essential
elements.  First, he must show that he has been deprived of rights
secured by the Constitution or laws of the United States.  Second,
he must demonstrate that the defendants allegedly depriving him of

those rights acted under color of *federal* law.  *Bivens*, 403 U.S. at 397.

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys.  *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff.  *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).   Under 28 U.S.C. §1915(e)(2) a district court can dismiss a civil case at any time if it determines that the action is: (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

Plaintiff named the three defendants: (1) the Bureau of Prisons ("BOP"); (2) Gregory T. Kapusta, whom the plaintiff identifies as the Assistant Warden of FMC-Lexington; and (3) Teri Ward, whom the plaintiff identifies as a Disciplinary Officer at FMC-Lexington.

## CLAIMS

Plaintiff asserts numerous challenges to the conditions of her confinement in the Satellite camp at FMC-Lexington.  Although she raises many claims, her primary complaint is that she was subjected to excessive and harmful exposure to garbage as a UNICOR employee.[1] That claim would fall under the Eighth Amendment.

---

[1]

In addition to submitting a completed pre-printed complaint form, the plaintiff attached three **separate**, typewritten complaints in which she outlined her claims against each of the three named defendants. [*See* Complaint, Record No. 2-3, pp. 4-13]

The plaintiff also claims that she has been required to provide sign language interpretation services for a deaf inmate at FMC-Lexington, (Ms. Cooper). She claims that being forced to provide that service violates her constitutional right to due process of law. That claim would fall under the Fifth Amendment of the United States Constitution.

Plaintiff Duncan also asserts a claim on behalf of Inmate Cooper. She alleges that the prison's failure to provide Inmate Cooper with a competent sign language interpreter violates *Cooper's* rights under the First Amendment of the United States Constitution.

Plaintiff also claims that Defendant Ward has deprived her of commissary items in violation of her (plaintiff's) religious beliefs. That claim would fall under the ambit of the First Amendment of the United States Constitution.

In response to an Order entered on July 13, 2007, [Record No. 3], the plaintiff stated that she fully exhausted all of the claims asserted in her complaint through the BOP administrative remedy process [*See* Record No. 6].[2] The plaintiff provided no details either as to the dates on which she filed her BOP administrative appeals or the dates on which the BOP denied her claims. No copies of her exhaustion efforts were provided for the Court's review.

## RELIEF REQUESTED

First, the plaintiff seeks various forms of injunctive relief in the form of an Order directing FMC-Lexington to refrain from

---

2

The BOP's three-step administrative remedy process is set forth in 28 C. F.R. § 542.13-15.

engage in certain complained-of actions.  Second, the plaintiff seeks compensatory damages in various amounts [*See* Record Nos. 2-3, pp. 11 and 14]. Third, the plaintiff seeks damages for emotional distress and punitive damages [*Id.*, p. 14].

### DISCUSSION
### 1.  Official Capacity Claims

The plaintiff states in her preprinted complaint form that she is suing Defendants Ward and Kapusta in both their individual and official capacities.  However, the claim against them in their official capacities suffers from a fatal defect.

A *Bivens* claim is only properly asserted against individual federal employees in their *individual* capacities.  *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991).  "[A] *Bivens* claim [for damages] may not be asserted against a federal officer in his official capacity."  *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991) (citing *Holloman v. Watt*, 708 F.2d 1399, 1402 (9th Cir. 1983), *cert. denied*, 466 U.S. 958 (1984); *Sanchez-Mariani v. Ellingwood*, 691 F.2d 592 (1st Cir. 1982); *see also Schweiker v. Chilicky*, 487 U.S. 412 (1988); *Butz v. Economou*, 438 U.S. 478, 512-14 (1978)).

When damages are sought against federal employees in their *official* capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Myers & Myers, Inc. v. United States Postal Serv.*, 527 F.2d 1252, 1256 (2d Cir. 1975); *Morris v. United States*, 521 F.2d 872, 847-75 (9th Cir. 1975).  When a federal employee is sued in his or her individual

4

capacity, the action is not a suit against the United States. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

In summary, the only proper defendant in a *Bivens* action is a person acting under color of federal law in that person's individual capacity.  Plaintiff Duncan has failed to state a claim upon which relief can be granted based against Defendants Ward and Kapusta in their *official* capacities.  These claims will be dismissed with prejudice.  *See* 28 U.S.C. §1915(e)(2).

### 2. Individual Capacity Claims

The plaintiff claims that she has fully exhausted all of her claims [See Record No. 6].  In light of the recent decision by the United States Supreme Court, *Jones v. Bock*, 127 S. Ct. 901 (2007), Defendants Ward and Kapusta, in their individual capacities, will be required to respond to the plaintiff's First, Fifth and Eighth Amendment claims.

### 3. Claims Against the BOP

The First, Fifth and Eighth Amendment claims for monetary damages against the BOP (a federal agency) also suffers from a fatal deficiency.  The doctrine of sovereign immunity precludes the plaintiff's attempt to recover damages from the BOP.  Federal courts do not have jurisdiction to consider actions for monetary damages against the United States unless sovereign immunity has been waived.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "In a suit against the United States, there cannot be a right to money damages without a waiver of sovereign immunity."  *United*

*States v. Testan*, 424 U.S. 392 (1976); *Will v. Michigan Dept. of State Police*, 109 S.Ct. 2304 (1989); *Kentucky v. Graham*, 473 U.S. 159,166 (1985).  The United States has not waived its sovereign immunity to monetary damages for constitutional torts.

Similarly, a lawsuit against an agency of the United States is, in essence, a suit against the United States.  *See Kentucky v. Graham*, 473 U.S. at 166.  The BOP is a federal agency.  "Federal agencies may not be sued *eo nomine* except as authorized by Congress in 'explicit language.'"  *Castleberry v. Alcohol, Tobacco & Firearms Div.*, 530 F.2d, 673 n.3 (5ᵗʰ Cir. 1976) (citing *Blackmar v. Guerre*, 342 U.S. 512, 515, 72 S. Ct. 410, 411 (1952)); *Brooks v. Graber*, 2000 WL 1679420 (D. Kan. November 6, 2000) (no authorization existed to name the Department of Justice because it cannot be sued under that name as a defendant; moreover, plaintiff's claims were barred by sovereign immunity and/or failure to state a claim of relief).

Thus, the plaintiff's claim for damages against the BOP under the First, Fifth and Eighth Amendments fails to state a claim upon which relief can be granted, and must be dismissed.  The plaintiff's demand for injunctive relief against the BOP may proceed.

### Claims 4. Asserted on Behalf of Others

Ordinarily, a party may not assert the rights of others, *County Court of Ulster County v. Allen*, 442 U.S. 140, 154-55, 99 S. Ct. 2213, 60 L. Ed.2d 777 (1979).  Here, although Plaintiff alleges that Inmate Cooper is deaf, that fact alone would not render Cooper

unable to assert her own claims.  The plaintiff can assert her own claims alleging violation of constitutional rights, but she does not have standing to assert claims on behalf of another. Constitutional claims are personal and cannot be asserted vicariously.  *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997);  *See also Russell v. United States*, 308 F.2d 78,79 (9th Cir. 1962) ("A litigant appearing *in propria persona* has no authority to represent anyone other than himself.").

The Court will dismiss without prejudice the claims which pertain to alleged violations of Inmate Cooper's First Amendment rights.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED,**

(1)  The plaintiff's First, Fifth and Eighth Amendment claims for damages against Defendants Teri Ward and Gregory T. Kapusta, in their *official* capacities, are **DISMISSED WITH PREJUDICE**.

(2)  The plaintiff's First, Fifth and Eighth Amendment claims for damages against the BOP are **DISMISSED WITH PREJUDICE**.

(3)  The plaintiff's First Amendment claim asserted on behalf of FMC-Lexington Inmate Cooper against the Defendants is dismissed **WITHOUT PREJUDICE**.

(4)  Defendants Ward and Kapusta will be required to respond to the plaintiff's First, Fifth and Eighth Amendment claims asserted against them in their *individual capacities*.

(5)   The BOP will be required to respond to the plaintiff's various demands for injunctive relief.

(6)   The Lexington Clerk is directed to issue summons for the named defendants: (1) Defendant Teri Ward in his individual capacity; and (2) Defendant Gregory T. Kapusta, in his individual capacity; and the (3) the Federal Bureau of Prisons.

(7)   The Lexington Clerk is further directed to serve a copy of this Memorandum Opinion and Order on the Attorney General of the United States and on the United States Attorney for the Eastern District of Kentucky, and to note the service in the docket sheet.

(8)   The Lexington Clerk's Office shall prepare as many copies of the complaint **and** this Memorandum Opinion and Order as there are summonses issued and complete the requisite number of USM Form(s) 285.

(a)   If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a clerk's entry in the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(b)   The Lexington Clerk's Office shall forward by hand delivery the following documents:  (i) the summonses issued; (ii) the requisite number of USM Forms 285; (iii) the requisite number of complaint copies; and (iv) the requisite number of copies of this Opinion and Order, and; (v) any other documents necessary to effectuate service.

(c)   The Lexington Clerk's Office shall enter into the

record a notation that the delivery to the USM Office of the complaints, summonses, USM Forms 285, and any other attachments have been effectuated, and the date upon which delivery was effectuated.

(d) The USM Office shall serve a summons, complaint copy, and copy of this Order on the defendants to this action, **along with a copy each summons to the United States Attorney General, and the United States Attorney for the Eastern District of Kentucky**; service to be made by certified mail, return receipt requested, or by personal service.

(e) The USM Office shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order. **This report shall include a copy of the green card showing proof of service or a statement that a green card was not returned from the U.S. Postmaster, along with a track and confirm from the U.S. Postal Service showing that a proof of delivery does not exist.**

(9) The plaintiff shall keep the Clerk of the Court informed of her current mailing address. **Failure to notify the Clerk of any address change may result in dismissal**.

(10) For every further pleading or other document the plaintiff wishes to submit for consideration by the Court, she shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the

date a true and correct copy of the document was mailed to each defendant or counsel.  **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

    This the 26th day of July, 2007.



Signed By:

_Joseph M. Hood_

United States District Judge